FILED

Amir J. Goldstein, Esq. (CA Bar No. 255620)
ajg@consumercounselgroup.com
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

2011 AUG 15  AM 10: 34

CLERK U.S. DISTRICT COURT
CENTRAL DIST. C. CALIF.
LOS ANGELES

BY _____

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA RUTHERFORD, | CASE NO.: |
| Plaintiff, | **CV11 06679** PJW |
| v. | COMPLAINT FOR DAMAGES |
| ROSENTHAL, STEIN & ASSOCIATES and DOES 1 through 10 inclusive, | |
| Defendants. | |

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, ROSENTHAL, STEIN & ASSOCIATES, alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**PARTIES**

2. Plaintiff is a natural person residing in Antelope, California.

3. Upon information and belief, the Defendant is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Atlanta, Georgia.

**JURISDICTION**

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it regularly conducts business in this district.

**FIRST CAUSE OF ACTION**

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.

6. That a personal debt was allegedly incurred by the Plaintiff.

7. That at a time unknown to the Plaintiff herein, the aforementioned debt was referred and/or assigned to the Defendant for collection.

8. That on or about June 2011, the Defendant made several calls to the Plaintiff in an attempt to collect a debt.

*Count One*

9. That during one such phone communication, **which lasted approximately 45 minutes**, Defendant reprimanded the Plaintiff for incurring the debt and for failing to pay it back.

10. That Defendant accused the Plaintiff of **"not sticking to her obligation."**

11. That during said phone conversation, Defendant incessantly pressured the Plaintiff to make a payment **"in order to keep [the matter] from going to court."**

12. That Defendant repeatedly asked the Plaintiff how much she could pay, to which the Plaintiff replied that she would try to pay $50.

13. That Defendant responded, *"...I can't have 'TRY'..." (emphasis added)* and accused the Plaintiff of not being cooperative.

14. That Defendant falsely threatened the Plaintiff with **arrest** and falsely claimed that Plaintiff needed to **pay $500 or risk going to jail.**

15. That Defendant mockingly stated, (in pertinent part) **"You don't want your daughter to know you're going to jail for five years?"**

16. That Defendant falsely threatened the Plaintiff that her case would be **sent to Sacramento County.**

17. That Defendant falsely accused the Plaintiff of **fraud.**

18. That Defendant unlawfully and unfairly pried into the Plaintiff's personal and private life by insisting that the Plaintiff should be able to pay off her debt since she lives with her parents.

19. That under extreme pressure and duress, the Plaintiff gave Defendant her bank card information so that Defendant could withdraw money from the Plaintiff's bank account.

20. That Defendant falsely warned the Plaintiff that if the money was not in her bank account, an additional $200 would be charged against the Plaintiff.

21. That upon information and belief, Defendant has no procedure to institute arrest against consumers.

22. That upon information and belief, Defendant has no procedure by which **"fraud"** is reported to **"Sacramento County."**

23. That Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights in violation of 15 U.S.C. §1692e and §1692g.

24. That Defendant falsely represented the character, amount and/or legal status of the debt in violation of 15 U.S.C. §1692e.

25. That Defendant's communications falsely imply that nonpayment of any debt will result in arrest in violation of 15 U.S.C. §1692e.

26. That Defendant's communications contain threats to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e.

27. That Defendant's communications contain language demonstrating unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

28. That Defendant solicited a postdated payment instrument for the purpose of threatening or instituting criminal prosecution in violation of 15 U.S.C. §1692f.

*Count Two*

29. That unbeknownst to the Plaintiff, Defendant called her employer repeatedly, in an attempt to collect on a debt.

30. That Plaintiff informed Defendant that she could not be reached at her work place because Plaintiff is registry personnel and her employer is an agency.

31. That Plaintiff requested that Defendant cease calling her at her workplace.

32. That notwithstanding Plaintiff's requests, Defendant continued to call her workplace in an attempt to collect on a debt.

33. That Defendant called Plaintiff at her place of employment although Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication in violation of 15 U.S.C. §1692c.

*Count Three*

34. That the Defendant's agents insisted that the Plaintiff contact them on a daily basis.

35. That notwithstanding Defendant's request, the Defendant would preemptively contact the Plaintiff in an attempt to collect a debt.

36. That Defendant called phone number (916) 344-5829, a number belonging to Plaintiff's parents, multiple times a day, including a daily phone call at 8:00 AM.

37. That the Plaintiff instructed Defendant to discontinue the phone calls to her parent's line and gave Defendant her cell phone number, (916)595-4160, as this was the best and most direct way to get in contact with her.

38. That despite Plaintiff's request, Defendant continued to call her parent's phone number in an attempt to collect a debt.

39. That Defendant's conduct and communications harassed Plaintiff in violation of 15 U.S.C. §1692d.

40. That Defendant caused a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of 15 U.S.C. §1692d.

*Count Four*

41. That during the phone communications, Defendant's agents failed to identify themselves, the purpose of the phone calls or provide any meaningful disclosures as required by law.

42. That Defendant's agents did not meaningfully identify themselves as representatives of a debt collection agency, nor did they make the proper disclosures as required per 15 U.S.C. §1692 d(6) and e(11).

43. That Defendant's conduct and communications harassed Plaintiff in violation of 15 U.S.C. §1692d.

44. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are harassing, confusing, misleading, deceptive and/or unfair.

45. That following Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety, aggravation, depression and sleepless nights.

46. That as a result of Defendant's communications, Plaintiff took medication to treat her depression and took sleeping pills to help with her sleepless nights.

47. That Plaintiff suffered from a pre-existing medical condition known as eczema. That Defendant's conduct caused full-blown eczema to erupt all over Plaintiff's body. That because of the stress induced by Defendant's conduct, Plaintiff's eczema was greatly exacerbated which forced the Plaintiff to medicate with steroids.

48. That as a side effect of medicating with steroids, Plaintiff also suffered edema, swollen legs and extreme pain.

49. That as a result of the extreme pain, Plaintiff was occasionally forced to temporarily cease working in order to to relieve her body of the stress and discomfort which arose from the edema.

50. That Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), (f) and (g) in that the representations made by the Defendant are abusive, false, confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of his legal rights as required by law.

     i.  The Defendant violated 15 U.S.C. § 1692c by calling the Plaintiff at her place of employment where Defendant knew and/or had reason to know that the Plaintiff's employer prohibits the consumer from receiving such communication.

     ii.  The Defendant violated 15 U.S.C. § 1692d by harassing the Plaintiff;

     iii.  The Defendant violated 15 U.S.C. § 1692e by failing to make proper disclosures, by using false threats and by employing deceptive means in an attempt to collect a debt

     iv.  The Defendant violated 15 U.S.C. §1692f by engaging in unfair or unconscionable means to collect or attempt to collect any debt ; and

     v.  The Defendant violated 15 U.S.C. § 1692g by contradicting plaintiff's rights.

51. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, the Defendant is liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF

52. Plaintiff realleges paragraphs 1 through 51 as if fully restated herein.

53. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

54. By its acts and practices as hereinabove described, the Defendant has violated the Rosenthal Act as follows, without limitation: a) The Defendant has violated §1788.13(i), which prohibits the false representation of the true nature of the business or services being rendered by the debt collector; b) By contradicting and overshadowing the consumers rights and failing to clearly and properly advise of debt collection notices required by law; c) By making false and deceptive representations deceptively and unlawfully threatened actions which can not legally be taken.

55. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

56. In addition, because the Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to

1    her actual damages, penalties of at least $1,000 per violation as provided for in the

2    Act.

3    57. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all

4    attorneys' fees, costs and expenses incurred in the bringing of this action.

5

6    **WHEREFORE,** Plaintiffs respectfully prays that judgment be entered against Defendant in the

7    amount of:

8    (a)    Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an

9    amount to be determined at the time of trial on the first cause of action.

10   (b)    Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq*., as

11   to the second cause of action.

12   (c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil

13   Code §1788.30, *et seq*.

14   (d)    For such other and further relief as may be just and proper.

15   (e)    Plaintiff requests trial by jury on all issues so triable.

16

17   Dated: August 10, 2011                    AMIR J. GOLDSTEIN, ESQ.

18

19

20                                            Amir J. Goldstein
21                                            Attorney for Plaintiff

22

23

24

25

26

27

28

8
Complaint for Damages

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO COUNSEL
## (MAGISTRATE JUDGE CIVIL CONSENT PILOT PROJECT)

*The court has directed that the following rules be specifically called to your attention:*

    I.      Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. § 636(c) and General Order 08-09].

    II.    Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)

    III.   Service of Papers and Process (Local Rule 4)

## I.    NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE

*Pursuant to Local Rule 73-2, the initiating party must serve this notice and consent form CV-11C on each party at the time of service of the summons and complaint or other initial pleading.*

This case has been randomly assigned to Magistrate Judge **Walsh** under the Civil Consent Pilot Project in accordance with General Order 08-09. The case number on all documents filed with the court should read as follows: **CV11-6679**

The parties are advised that they may consent to have the assigned magistrate judge conduct all further proceedings in the case, including trial and final entry of judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. The parties may consent to proceed only before the assigned magistrate judge.

**The parties are further advised that they are free to withhold consent without adverse substantive consequences. If the parties agree to the exercise of jurisdiction by the magistrate judge, the parties shall jointly or separately file a statement of consent setting forth such election. For cases originally filed in district court and initially assigned only to a magistrate judge, the statement of consent shall be filed within 30 days after service of the summons and complaint upon that defendant, and within 30 days by plaintiff after service upon the first-served defendant.**

**For cases removed from state court and initially assigned only to a magistrate judge, a joint or separate statements of consent shall be filed by plaintiff and all defendants upon whom service has been effected, within 11 days after the notice of removal is filed.**

Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. There may be other advantages or disadvantages which you will want to consider.

Any appeal from a judgment of the magistrate judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the district court in accordance with 28 U.S.C. §636(c)(3).

If a party has not consented to the exercise of jurisdiction by the magistrate judge within the time

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) OR PRO PER:

ATTORNEYS FOR:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHANDRA RUTHERFORD** | CASE NUMBER |
| Plaintiff(s), | **CV11- 6679 PJW** |
| V. | **STATEMENT OF CONSENT TO PROCEED BEFORE A UNITED STASTES MAGISTRATE JUDGE** |
| **ROSENTHAL, STEIN & ASSOCIATES AND DOES 1-10** | (For use in Magistrate Judge |
| Defendant(s) | Civil Consent Pilot Project Cases only) |

### THIS FORM SHALL BE USED ONLY FOR CASES IN WHICH A MAGISTRATE JUDGE IS INITIALLY ASSIGNED PURSUANT TO LOCAL RULE 73-2

In accordance with General Order 11-06 and Local Rule 73-2 the above-captioned civil matter has been randomly assigned to Magistrate Judge ___WALSH___. All parties to the above-captioned civil matter are to select one of the following two options and file this document with the Clerk's Office.

[✓] In accordance with the provisions of 28 U.S.C. § 636(C) and F.R.Civ.P.73(b), the party or parties listed below to the above-captioned civil matter hereby waive their right to proceed before a District Judge and Consent to have the assigned Magistrate Judge Patrick J. Walsh conduct all further proceedings in the case, including trial and entry of final judgment.

Any appeal from a judgment of the assigned Magistrate Judge shall be taken to the United States Court of Appeals in the same manner as an appeal from any other judgment of the District Court in accordance with 28 U.S.C. § 636(c)(3).

[ ] The party or parties listed below to the above-captioned civil matter Do Not Consent to proceed before the assigned Magistrate Judge Patrick J. Walsh.

The party or parties listed below acknowledge that they are free to withhold consent without adverse substantive consequences.

| Name of Counsel (OR Party if Pro Per) | Signature and date | Counsel for (Name of Party or Parties) |
|---|---|---|
| AMIR GOLDSTEIN, ESQ. | 8/15/11 | C. RUTHERFORD, PLAINTIFF |

[ ] Party filing this form shall check this box if all parties have consented to proceed before the assigned Magistrate Judge

### NOTICE TO COUNSEL FROM CLERK

All parties having consented to proceed before the assigned magistrate judge, this case will remain assigned to United States Magistrate Judge Patrick J. Walsh for all further proceedings.

Name & Address:
Amir J. Goldstein, Esq. (CA Bar No. 255620)
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CHANDRA RUTHERFORD | CASE NUMBER |
|---|---|
| PLAINTIFF(S)<br>v. | **CV11 06679** PJW |
| ROSENTHAL, STEIN & ASSOCIATES and DOES 1 through 10 inclusive,<br><br>DEFENDANT(S). | **SUMMONS** |

TO: DEFENDANT(S): ROSENTHAL, STEIN & ASSOCIATES

_____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Amir Goldstein, Esq._____, whose address is _5455 Wilshire Boulevard, Suite 1812, Los Angeles, CA 90036_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: AUG 1 5 2011

By: _____

CHRISTOPHER POWERS

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| CHANDRA RUTHERFORD | ROSENTHAL, STEIN & ASSOCIATES and DOES 1 through 10 inclusive |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Amir J. Goldstein, Esq. (CA Bar No. 255620)<br>5455 Wilshire Boulevard, Suite 1812, Los Angeles, CA 90036<br>Tel: 323.937.0400 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

15 USC 1692, et seq; violations of the Fair Debt Collection Practices Act ("FDCPA")

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | PERSONAL PROPERTY | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 640 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | IMMIGRATION | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV11 06679

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Sacramento County |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Georgia |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Sacramento County |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____          Date   8/12/11

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |