Amir J. Goldstein, Esq. (CA Bar No. 255620)
ajg@consumercounselgroup.com
5455 Wilshire Boulevard, Suite 1812
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

FILED
2011 SEP 13  AM 10: 19
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANDRA RUTHERFORD, | CASE NO.: 11-CV-6679 (PJW) |
| Plaintiff, | |
| v. | |
| VANDENBERG, CHASE AND ASSOCIATES, LLC d/b/a ROSENTHAL, STEIN AND ASSOCIATES, LLC and DOES 1 through 10, inclusive, | FIRST AMENDED COMPLAINT FOR DAMAGES |
| Defendants. | |

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her complaint against the Defendant, VANDENBERG, CHASE AND ASSOCIATES, LLC d/b/a ROSENTHAL, STEIN AND ASSOCIATES, LLC, alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil

Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## PARTIES

2. Plaintiff is a natural person residing in Antelope, California.
3. Upon information and belief, Defendant Vandenberg, Chase and Associates, LLC d/b/a Rosenthal, Stein and Associates, LLC, ("Defendant"), is a debt collector as defined pursuant to 15 U.S.C. § 1692a(6) with its principal place of business in Atlanta, Georgia.

## JURISDICTION

4. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(c), as the venue is appropriate where the Defendant corporation is subject to jurisdiction in this district as it resides and regularly conducts business in this district.

## FIRST CAUSE OF ACTION

5. Plaintiff realleges paragraphs 1 through 4 as if fully restated herein.
6. That a personal debt was allegedly incurred by the Plaintiff.
7. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to Defendant for collection.
8. That on or about June 2011, the Defendant made several calls to the Plaintiff in an attempt to collect a debt.

*Count One*

9. That during one such phone communication, **which lasted approximately 45 minutes,** Defendant reprimanded the Plaintiff for incurring the debt and for failing to pay it back.

10. That Defendant accused the Plaintiff of **"not sticking to her obligation."**

11. That during said phone conversation, Defendant incessantly pressured the Plaintiff to make a payment **"in order to keep [the matter] from going to court."**

12. That Defendant repeatedly asked the Plaintiff how much she could pay, to which the Plaintiff replied that she would try to pay $50.

13. That Defendant responded, "...I <u>can't</u> have '*TRY*'..." (emphasis added) and accused the Plaintiff of not being cooperative.

14. That Defendant falsely threatened the Plaintiff with arrest and falsely claimed that Plaintiff needed to **pay $500 or risk going to jail.**

15. That Defendant mockingly stated, (in pertinent part) **"You don't want your daughter to know you're going to jail for five years?"**

16. That Defendant falsely threatened the Plaintiff what **her case would be sent to Sacramento County.**

17. That Defendant falsely accused the Plaintiff of **fraud.**

18. That Defendant unlawfully and unfairly pried into the Plaintiff's personal and private life by insisting that the Plaintiff should be able to pay off her debt since she lives with her parents.

19. That under extreme pressure and duress, the Plaintiff gave Defendant her bank card information so that Defendant could withdraw money from the Plaintiff's bank account.

20. That Defendant falsely warned the Plaintiff that if the money was not in her bank account, an **additional $200 would be charged against the Plaintiff.**

21. That upon information and belief, Defendant has no procedure to institute arrest

against consumers.

22. That upon information and belief, Defendant has no procedure by which **"fraud"** is reported to **"Sacramento County."**

23. That Defendant's communications contain language demonstrating false statements and deceptive representations, and misleading and overshadowing language which contradicts the consumer's rights in violation of 15 U.S.C. §1692e and §1692g.

24. That Defendant falsely represented the character, amount and/or legal status of the debt in violation of 15 U.S.C. §1692e.

25. That Defendant's communications falsely imply that nonpayment of any debt will result in arrest in violation of 15 U.S.C. §1692e.

26. That Defendant's communications contain threats to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. §1692e.

27. That Defendant's communications contain language demonstrating unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. §1692f.

28. That Defendant solicited a postdated payment instrument for the purpose of threatening or instituting criminal prosecution in violation of 15 U.S.C. §1692f.

*Count Two*

29. That unbeknownst to the Plaintiff, Defendant called her employer repeatedly, in an attempt to collect on a debt.

30. That Plaintiff informed Defendant that she could not be reached at her work place because Plaintiff is registry personnel and her employer is an agency.

31. That Plaintiff requested that Defendant cease calling her at her workplace.

32. That notwithstanding Plaintiff's requests, Defendant continued to call her workplace in an attempt to collect a debt.

33. That Defendant called Plaintiff at her place of employment although Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication in violation of 15 U.S.C. §1692c.

### Count Three

34. That the Defendant's agents insisted that the Plaintiff contact them on a daily basis.

35. That notwithstanding Defendant's request, the Defendant would preemptively contact the Plaintiff in an attempt to collect a debt.

36. That Defendant called phone number (916) 344-5829, a number belonging to Plaintiff's parents, multiple times a day, including a daily phone call at 8:00 A.M.

37. That the Plaintiff instructed Defendant to discontinue the phone calls to her parent's line and gave Defendant her cell phone number, (916) 595-4160, as this was the best and most direct way to get in contact with her.

38. That despite Plaintiff's request, Defendant continued to call her parent's phone number in an attempt to collect a debt.

39. That Defendant's conduct and communications harassed Plaintiff in violation of 15 U.S.C. §1692d.

40. That Defendant caused a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number in violation of 15 U.S.C. §1692d.

### Count Four

41. That during the phone communications, Defendant's agents failed to identify themselves, the purpose of the phone calls or provide any meaningful disclosures as required by law.

42. That Defendant's agents did not meaningfully identify themselves as representatives of a debt collection agency, nor did they make the proper

disclosures as required per 15 U.S.C. §1692d(6) and e(11).

43. That Defendant's conduct and communications harassed Plaintiff in violation of 15 U.S.C. §1692d.

44. That Defendant, in an attempt to collect a debt, engages in a pattern or practice of communicating with consumers where the representations made by the Defendant are harassing, confusing, misleading, deceptive and/or unfair.

45. That following Defendant's conduct, Plaintiff suffered actual damages, including, but not limited to: stress, anxiety, aggravation, depression and sleepless nights.

46. That as a result of Defendant's communications, Plaintiff took medication to treat her depression and took sleeping pills to help with her sleepless nights.

47. That Plaintiff suffered from a pre-existing medical condition known as eczema. That Defendant's conduct caused full-blown eczema to erupt all over Plaintiff's body. That because of the stress induced by Defendant's conduct, Plaintiff's eczema was greatly exacerbated which forced the Plaintiff to medicate with steroids.

48. That as a side effect of medicating with steroids, Plaintiff also suffered edema, swollen legs and extreme pain.

49. That as a result of the extreme pain, Plaintiff was occasionally forced to temporarily cease working in order to relieve her body of the stress and discomfort which arose from the edema.

50. Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (d), (e), (f) and (g) in that the representations made by Defendant are harassing, confusing, misleading, deceptive, unfair and fail to advise the Plaintiff (the consumer) of her legal rights as required by law.

   i. The Defendant violated 15 U.S.C.§1692c by calling the Plaintiff at her place of employment where Defendant knew and/or had reason to know that the Plaintiff's employer prohibits the consumer from receiving such communication;

  ii. The Defendant violated 15 U.S.C. §1692d by using language the natural consequence of which is to harass and abuse the Plaintiff;

  iii. The Defendant violated 15 U.S.C. §1692e by failing to make proper disclosures, by using false threats and by employing deceptive means in an attempt to collect a debt;

  iv. The Defendant violated 15 U.S.C. §1692f by engaging in unfair or unconscionable means to collect or attempt to collect any debt; and

  v. The Defendant violated 15 U.S.C. §1692g by contradicting Plaintiff's rights.

51. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, Defendant is liable to Plaintiff for actual and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

52. Plaintiff realleges paragraphs 1 through 51 as if fully restated herein.

53. The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

54. By its acts and practices as hereinabove described, Defendant has violated the Rosenthal Act as follows, without limitation: a) The Defendant has violated §1788.13(i), which prohibits the false representation of the true nature of the business or services being rendered by the debt collector; b) By contradicting and overshadowing the consumers rights and failing to clearly and properly advise of debt collection notices required by law; c) By making false and deceptive representations and by unlawfully threatening actions which cannot be legally taken.

55. Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendant's violations of the Rosenthal Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

56. In addition, because Defendant's violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

57. Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendant in the amount of:

(a)   Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b)   Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq.*, as to the second cause of action.

(c)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq*.

(d)   For such other and further relief as may be just and proper.

(e)   Plaintiff requests trial by jury on all issues so triable.

Dated: September 12, 2011                    AMIR J. GOLDSTEIN, ESQ.

Amir J. Goldstein
Attorney for Plaintiff